Emerson L. Schwartzkopf President, ASMSC Metropolitan State College 1006 11th Street Denver, Colorado 80204
Dear Mr. Schwartzkopf:
Your letter dated November 21, 1977, requesting legal representation in the case of Cappuccino v. Palmer has been received by this office. In responding to your request, I have reviewed my earlier opinion of March 16, 1977, regarding legal representation of student associations. This letter is intended to clarify my position on such representation.
QUESTION PRESENTED AND CONCLUSION
Under what circumstances does the attorney general represent student associations at state institutions of higher education?
 A student association is, in some senses, a unique body which acts in two capacities. When the student association performs functions delegated to it by the governing board, it is an agent of the university and, hence, an agent of the state. In its other capacity, a student association acts independently of the university as a representative of its members. When acting in its independent or private capacity, a student association may advocate positions which are not authorized by the governing board and which, in fact, may be contrary to its views. In some cases, such as Cappuccino, courts have recognized the independent aspect of a student association and have permitted a student association to participate in law suits as a party opposing the university governing board. See, e.g., Wisconsin Student Association v. Regents, 318 F. Supp. 591 (E.D. Wis. 1970).
ANALYSIS
Thus, it is my opinion that a student association, unlike a state university, is not a state agency for all purposes. CompareAlaska State-Operated School System v. Mueller,536 P.2d 99 (Alaska 1975); University of Alaska v. NationalAircraft, 536 P.2d 121 (Alaska 1975). Accordingly, it is appropriate for the attorney general to represent a student association only when the legal issues involve performance by the association of functions delegated to it by the governing board. For example, Arrington v. Taylor, 380 F. Supp. 1348
(M.D.N.C. 1974), cited in my March 16 letter, involved a suit challenging use of mandatory student fees to finance a student newspaper at the University of North Carolina. Similarly, inGood v. Associated Students of the University ofWashington, 542 P.2d 762 (Wash. 1974), individual students sued the student association and the university governing board to enjoin collection of mandatory student fees. In those types of cases, the student association is sued in its capacity as an agent for the university and should be represented by the Department of Law.
When a student association acts in its private, independent capacity, it must seek private legal counsel. However, the governing board is not required to authorize the student association to pay private counsel from mandatory student fees.Maryland Public Interest Research Group v. Elkins, 46 U.S.L.W. 2285 (4th Cir. 1977) (upholding University of Maryland Board of Regents' determination prohibiting use of student fund monies to finance litigation). In my view, retention of private counsel by a student association acting independently of the university is not within the ambit of H.B. 1674 allowing charging of legal expenses against the appropriation of the Department of Law under certain circumstances.
SUMMARY
In summary, then, this office will provide legal counsel to a student association only when the student association is acting as an agent of the university and the university governing board has requested such counsel. Determination of whether an association is acting as an agent must be made on a case-by-case basis.
Very truly yours,
 J.D. MacFARLANE Attorney General cc: Board of Regents The Trustees of State Colleges Consortium in Colorado The State Board of Agriculture The Board of Trustees for the University of Northern Colorado The Board of Trustees of the Colorado School of Mines The State Board for Community College and Occupational Education
EDUCATION, HIGHER EDUCATION ATTORNEYS GENERAL
HIGHER EDUCATION, DEPT. OF Metropolitan State College
Attorney general acts as legal counsel to student associations only when association is acting as agent of the school and governing board has requested that the attorney general act as counsel. Student association is not a state agency for all purposes.